IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA V. TRUJILLO,**

    **Plaintiff,**

vs.                                    CIV NO. 08-661 ACT/RLP

**TOWN OF TAOS, a Municipal
Corporation, ABIGALE ADAME,
Interim Town Manager, Individually
and in her Official capacity and
Council Members DARREN CORDOVA,
Individually and in his official capacity,
A. EUGENE SANCHEZ, Individually and in
his Official capacity and RUDY
ABEYTA, Individually and in his
Official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend her Complaint filed December 5, 2008 [Doc. No. 31]. Because Plaintiff's proposed pleading sets forth transactions, occurrences, and/or events that have taken place since the filing of the original pleading, Plaintiff's motion will be treated as a Motion to Supplement under Rule 15 (d) of the Federal Rules of Civil Procedure. Having reviewed Plaintiff's Motion, Defendants' Response [Doc. No.35], Plaintiff's Reply [Doc. No.37] and the applicable law, the Court finds that the motion is well taken and it will be granted.

**I. Background**

On July 16, 2008, Plaintiff Patricia Trujillo filed a complaint against her former employer, Town of Taos, et al, alleging due process violations in connection with her

employment and further alleging breach of her employment contract and breach of covenant of good faith and fair dealings [Doc. No. 1].

Plaintiff now seeks to amend her complaint to add a claim of conspiracy in violation of 42 U.S.C. §1985(2) and also seeks to plead that her employment contract was violated by her second rejection for Human Resources Director. Plaintiff further seeks to add Daniel Miera, who became Taos Town Manager on July 1, 2008, as a Defendant. Plaintiff alleges that the actions supporting both her new claims and the addition of an additional Defendant occurred after the filing of the original complaint.  Defendants do not dispute this allegation but deny that such actions constitute the basis of the new claims Plaintiff is alleging.

## II. Legal Standard

Motions to supplement pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(d).  The Rule states in relevant part that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Fed.R.Civ.P. 15 (d)*.  The decision to permit a supplemental pleading is within the trial court's discretion.  *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir. 1989). Leave to supplement a complaint "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."  *Id*. The purpose of  Rule 15(d) is to serve judicial economy, avoid multiplicity of litigation, and promote as complete an adjudication of the dispute as possible by allowing the addition of claims which arise after the initial pleadings are filed.  *Hassoun v. Cimmino,* 126 F.Supp.2d 353, 360 (D.N.J. 2000).

**III.  Discussion**

Defendants assert that Plaintiff's Motion to Amend should be denied because there is no evidence of wrongdoing by Daniel Miera, because there is no evidence to support Plaintiff's proposed claims, and because there would be prejudice to the Defendants if their depositions have to be reopened [Doc. No. 35].

Defendants' primary argument is that based on the discovery completed to date, no evidence exists to support Plaintiff's Motion to Amend.  However, even assuming Defendants' argument to be true, Defendants fail to acknowledge that there is a Motion to Compel Discovery pending before the Court. [Doc. No. 34].  This Motion requests that the Court compel certain testimony by Defendants regarding issues they had discussed while an attorney was present. During their depositions, Defendants were instructed by counsel not to answer any questions regarding the issues Plaintiff now seeks to raise, claiming that all such communications were privileged.  As this Motion has not been ruled on, Defendants' argument that no evidence exists to support the allegations in Plaintiff's Motion to Amend is premature.

Based on the submissions of the parties and after review of the relevant law, the Court does not find prejudice to the Defendants that would justify denial of Plaintiff's Motion. Although Defendants have submitted written discovery, Defendants have taken no depositions. Regarding the possibility of reopening Defendants' depositions, as discussed above, this matter is still before the Court.

Hearing all of Plaintiff's claims in one action promotes judicial economy. See 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1506 (2d ed. 1990). If  Plaintiff's amendment were denied, in all likelihood Plaintiff would file a separate

complaint and then move for consolidation under Rule 42(a) in order to litigate all the claims in the same suit. *See id.* Such action is not favored as it is desirable to reduce multiplicity of litigation by permitting as many claims as possible between the parties to be settled in one action. *See id.*

Finally, it is proper to allow Plaintiff to add Daniel Miera as an additional Defendant because the subsequent events alleged in the new pleading make it necessary to join him. *See id. at §1507.* Plaintiff alleges that Daniel Miera conspired to retaliate against Plaintiff for filing her original Complaint. This allegation concerns matters that occurred subsequent to the filing of the Complaint. Additionally, judicial economy is served because a separate lawsuit need not be filed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint is granted and Plaintiff will file a supplemental complaint within ten (10) days of entry of this Order.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**